UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OTIS ROSS, by his guardian,
DARLENE ROSS,

    Plaintiff,

Case No. 2:08-cv-10785

HONORABLE STEPHEN J. MURPHY, III

v.

COUNTY OF WAYNE,

    Defendant.
                                      /

## **ORDER IMPOSING RULE 11 SANCTIONS**

In an Order dated October 9, 2008, the Court granted Defendant's Motion for Summary Judgment. The Court found that the Plaintiff's claims were barred by the doctrine of res judicata because the complaint in the case was identical to a complaint in an earlier case that was previously decided on the merits, *Otis Ross v. County of Wayne*, Civil Case No. 07-11723, (the "2007 case"). The Court further stated that the filing of the case was "improper and needlessly increased the cost of litigation," and ordered Plaintiff's counsel to show cause why filing the case did not violate Rule 11 and why the Defendant should not be reimbursed reasonable attorney fees. *See* Fed. R. Civ. P. 11(b)(1).

Plaintiff's counsel filed a response to the Court's order on October 15, 2008. In the response, counsel stated that she had agreed to stipulate to a dismissal of the present case based on the fact that she had submitted a motion for rehearing and a motion for relief from judgment in the 2007 case. That argument, however, is unsupported by the docket of either this case or the 2007 case.

Defendant asserts that there was never an agreement regarding a stipulated

dismissal. Whether or not the parties agreed to a stipulated dismissal, the docket demonstrates that a such an agreement was never filed with the Court. Further, the dockets for the two cases contradict counsel's assertions that she agreed to dismissal based on the fact that the she had submitted a motion for rehearing in the 2007 case. The docket evidences that judgment in the 2007 case was entered by the court on January 30, 2008.[1] There are no further docket entries until Plaintiff's counsel filed a motion to reopen the case on October 15, 2008, the same day that she filed her response to the Court's order regarding Rule 11 sanctions in this case. Therefore, as Defendant correctly points out, the assertions made by counsel in her response to the Court's order appear disingenuous and perhaps untrue.

In the Sixth Circuit, "the test for the imposition of Rule 11 sanctions [is] 'whether the individual's conduct was reasonable under the circumstances.'" *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997) (quoting *Lemaster v. United States*, 891 F.2d 115, 118 (6th Cir. 1989)). Sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by other similarly situated." Fed. R. Civ. P. 11(c)(4). The Court finds that counsel's actions in this case were unreasonable. Given the assertions of defendant's counsel in terms of the amount of work needlessly engaged in by both Wayne County and the Court in this matter, an award of $700 in costs and attorney's fees is a reasonable sanction to prevent comparable conduct in the future.

**WHEREFORE** it is hereby **ORDERED** that sanctions are imposed against Plaintiff's counsel in the amount of $700 pursuant to Fed. R. Civ. P. Rule 11.

---

[1] The instant case was filed on February 5, 2008 in the Third Judicial Circuit Court in Michigan, and removed to this Court on February 26, 2008.

**SO ORDERED.**

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: December 7, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 7, 2010, by electronic and/or ordinary mail.

        Alissa Greer
        Case Manager